# STATE OF FLORIDA v WILSON

## Case No. 88-6520-ACA

Eighteenth Judicial Circuit, Brevard County

February 3, 1990

### APPEARANCES OF COUNSEL

**John McBain, Jr., Esquire,** Assistant State Attorney, for appellant.
**Reed C. Carey, Esquire,** for appellee.

Before WOODSON, JACKSON, MOXLEY, JJ.

### OPINION OF THE COURT

J. WILLIAM WOODSON, Circuit Judge.

During the trial of the appellee, R. J. Wilson, Carey, attorney for the

appellee approached the assistant state attorney McBain regarding the fact that a relative of the appellee saw one of the jurors talking to a state's witness, a Florida highway patrol trooper, outside the courtroom near the officer's vehicle. McBain asked if Mr. Carey was going to move for a mistrial. Carey did not present a motion for mistrial or speak to Judge Rudd concerning the matter during the trial.

Upon conviction appellee filed a motion for new trial before Judge Budnick for whom Judge Rudd had been sitting. Attorney Carey presented testimony from relatives of appellee who said that they saw the juror talking to the trooper. The bailiff also said he heard the juror talking to the trooper about enforcing a noise ordinance in her neighborhood. Neither the trooper nor the juror were summoned to testify. Judge Budnick granted the motion for new trial based on appearance of impropriety without making an independent find of prejudice to the defendant.

The counsel for appellee having found that the contact occurred should have made a motion for mistrial, instead he elected to let the trial proceed without notifying the judge. Counsel under the facts in this case waived his right to request a mistrial.

Order granting mistrial is reversed.